

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION



| | |
|---|---|
| NEU SECURITY SERVICES, LLC, § | |
|     Plaintiff § | |
| vs. § | |
| § | |
| BAD DAY FABRICATION, LLC; § | Cause No. A-15-CA-149-SS |
| LCG WELDING, INC.; § | |
| AARON LING; AND § | |
| JAY GREENWOOD, § | |
|     Defendants § | |

## ORDER ON PENDING MOTIONS

BE IT REMEMERED on this day the Court reviewed the file in the above-styled cause, and specifically "Defendants LCG Welding, Inc.'s and Jay Greenwood's Memorandum in Support of Their Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Forum Non Conveniens, Motion to Transfer Venue, and Motion for More Definite Statement," [#6]; "Defendants Bad Day Fabrication, LLC's and Aaron Ling's Challenge to Jurisdiction, Venue and Forum, and, Subject Thereto, Original Answer and Affirmative Defenses to Plaintiff's Complaint" [#7]; "Defendants Bad Day Fabrication, LLC's and Aaron Ling's Memorandum in Support of Dismissal for Improper Venue or, Alternatively, to Transfer Venue" [#14]; "Defendants Bad Day Fabrication, LLC's and Aaron Ling's Motion to Dismiss Claims in Plaintiff's Complaint," [#15]; "Plaintiff's First Amended Complaint" [#18]; "Plaintiff's Response to Defendants' Challenge to Jurisdiction, Venue, and Forum," [#21]; and "Defendant Bad Day Fabrication, LLC's Reply to Plaintiff's Response to Defendants' Challenge to Jurisdiction, Venue, and Forum" [#22]. Having reviewed the motions and responsive briefing, the applicable law, and the case file as a whole, the Court enters the following Opinion and Orders.

## I. Procedural Background

On January 21, 2015, Plaintiff Neu Security Services, LLC ("Neu") filed Cause No D-1-GN-15-000252 in the 128th Judicial District Court of Travis County, Texas, alleging various breach of contract and business tort claims against Defendants, Bad Day Fabrication, LLC ("Bad Day"), Aaron Ling ("Ling"), LCG Welding, Inc. ("LCG"), and Jay Greenwood ("Greenwood"). Defendants removed the case to this Court on February 23, 2015 on the basis of diversity jurisdiction, 28 U.S.C. § 1332(a), asserting Defendants are all citizens of the state of Georgia, while Plaintiff is a citizen of Texas. Notice of Removal [#1]. Plaintiff has filed no motion to remand, and the time to do so (on any grounds other than lack of subject matter jurisdiction) expired March 25, 2015. 28 U.S.C. § 1447(c).

On March 2, 2015, Defendants filed their respective 12(b) motions to dismiss for lack of personal jurisdiction, and subject thereto, Defendants Bad Day and Ling's improper venue motion pursuant to 28 U.S.C. § 1406(a), Defendants LCG and Greenwood's motions to dismiss for forum non conveniens, and all Defendants' motions, in the alternative, to transfer venue pursuant to 28 U.S.C. § 1404(a). *See generally,* [#6], [#7].[1] Defendants Bad Day and Ling included their Answer subject to the motion to dismiss. [#7]. On March 12, 2015, Defendants Bad Day and Ling filed an additional partial motion to dismiss addressing Plaintiff's claims for breach of restrictive covenants and tortious interference with prospective contract for failure to state a claim. [#15].

---

[1] This Court noted that, while not framed as such, "Defendants Bad Day Fabrication, LLC's and Aaron Ling's Challenge to Jurisdiction, Venue and Forum, and, Subject Thereto, Original Answer and Affirmative Defenses to Plaintiff's Complaint" [#7], is a motion for relief and shall be construed as such. Order of March 4, 2015 [#9]. In response to the Court's Order, Bad Day and Ling filed a memorandum of law in support of the motion, Def's Br. [#14], to which Neu responded after an extension of time to address the issues raised in Defendants' additional briefing. Pf's Response [#21].

2

Plaintiff filed an Amended Complaint on March 26, 2015. [#18]. The Amended Complaint narrows Plaintiff's claims for relief to a single breach of contract claim against Defendant Bad Day, based on the alleged failure of Bad Day's product to perform to agreed workmanship and performance standards. Am. Compl. [#18] at ¶¶15-18. Specifically, the Amended Complaint abandons Ling, LCG and Greenwood as Defendants and abandons the breach of contract and business tort claims based on restrictive covenants entered into with the remaining Defendant, Bad Day.

Contemporaneously with its Amended Complaint, Plaintiff filed its Response to Defendants' Challenge to Jurisdiction, Venue, and Forum [#21] asserting that, in light of the voluntary dismissal without prejudice of the claims and parties in the Amended Complaint, the only remaining Defendant in the case is Bad Day, and the only remaining claim in the case is breach of contract arising out of Bad Day's alleged failure to deliver a conforming product. Response [#21] at 2. Therefore, Plaintiff asserts the forum selection and choice of law clauses contained in three purchase orders underlying its disputed contract with Bad Day should control the issues of personal jurisdiction and proper venue in this matter. *Id.*

## II. Amended Complaint and Mooted Issues

### A. Amended Complaint

Federal Rule of Civil Procedure 15(a)(1)(B) authorizes a plaintiff to amend its pleading once as a matter of course within 21 days after service of a responsive pleading or a motion under Rule 12(b), (e), or (f), whichever is earlier. In this case, Neu filed its Amended Complaint 24 days after the filing of all original Defendants' respective Rule 12 motions (and Bad Day/Ling's Answer). *See* FED. R. CIV. P. 6(a)(1) (computing time). Therefore, the Court will

construe Neu's Amended Complaint as a Motion for Leave to Amend pursuant to Federal Rule of Civil Procedure 15(a)(2).

Under Rule 15(a)(2), the Court "should freely give leave [to amend] when justice so requires." *Id.* Generally, leave should be granted unless factors such as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment'" cloud the analysis. *Priester v. JP Morgan Chase Bank, N.A.*, 708 F.3d 667, 678 (5th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). No such factors are present on this record. The Amended Complaint is Plaintiff's first attempt at amendment; it was filed within days of the deadline to amend as a matter of course; and the proposed amendment does nothing more than eliminate issues and parties that have already been challenged by the Defendants. There is no suggestion that the amendment would be futile—notably, when Bad Day and Ling moved to dismiss other claims for failure to state a claim, the breach of contract claim asserted in the Amended Complaint went untouched. *See* Mot. Dism. [#15] at 2. Accordingly, the Court GRANTS Plaintiff leave to file the Amended Complaint.

Pursuant to Federal Rule of Civil Procedure 41, Plaintiff's Amended Complaint is sufficient to effect the voluntary dismissal of LCG Welding and Greenwood without prejudice, as it was filed prior to any answer by those Defendants. Defendant Ling, however, has already filed an answer, subject to his pending pre-answer motions. *See generally* [# 7]. Therefore, Plaintiff's attempted voluntary dismissal of Ling without prejudice requires leave of court. FED. R. CIV. P. 41(a)(2). The Court finds the proposed voluntary dismissal without prejudice does not operate to the surprise or detriment of Defendant Ling for the same reasons articulated above

with respect to leave to amend. Thereore, the Court GRANTS Plaintiff leave to dismiss its claims against Defendant Ling without prejudice.

### B. Mooted Issues

In light of Plaintiff's voluntary dismissal of parties and claims in the Amended Complaint, "Defendants LCG Welding, Inc.'s and Jay Greenwood's Memorandum in Support of Their Motion to Dismiss for Lack of Personal Jurisdiction, Motion to Dismiss for Forum Non Conveniens, Motion to Transfer Venue, and Motion for More Definite Statement," [#6] and "Defendants Bad Day Fabrication, LLC's and Aaron Ling's Motion to Dismiss Claims in Plaintiff's Complaint," [#15] are DISMISSED as MOOT.

### III. Bad Day's Motions to Dismiss

Remaining before the Court are "Defendants Bad Day Fabrication, LLC's and Aaron Ling's Challenge to Jurisdiction, Venue and Forum, and, Subject Thereto, Original Answer and Affirmative Defenses to Plaintiff's Complaint" [#7], Defendants' Brief in support thereof [#14], Plaintiff's Response in opposition thereto [#21], and Defendant Bad Day's Reply in support thereof [#22]. As noted above, Defendant Ling has been dismissed from this action. Therefore, the Court will consider only Bad Day's position and arguments in Defendants' briefing.

### A. Background Facts

Plaintiff asserts the contract at issue between the parties involved at least three purchase orders ("P.O.s"), and each of the three P.O.s contains a forum selection clause agreeing that all disputes arising out of the transaction "shall be conducted only in courts seated in Burnet County, Texas, and SELLER hereby consents to the jurisdiction of such courts and waives any objection as to venue." Response [#21] at 5-6 and Ex. 1., P.O. Terms and Conditions ¶ 10. This

5

Court's jurisdiction encompasses federal cases in Burnet County. Therefore, Plaintiff asserts personal jurisdiction and venue objections have been waived and this Court is an appropriate forum for the remaining contract dispute. *Id.* at 5-6.

Bad Day asserts the three purchase orders underlying the disputed contract are insufficient to establish a waiver of objections to personal jurisdiction and venue because (1) the first PO, dated March 13, 2014, is not addressed to Bad Day but to a company delivering materials to Bad Day; and (2) the second PO, dated March 24, 2014, was emailed to Bad Day on March 25, 2014 without any terms and conditions attached to it. Reply [#22] at 3-4 and Ex. A, Ling Affidavit at ¶ 3. Bad Day admits the third PO, dated September 10, 2014, is directed to Bad Day, and Bad Day received it with the terms and conditions attached, including the exclusive forum selection clause and waiver of challenges to personal jurisdiction. *Id.* Nevertheless, Bad Day asserts the "fine print" on this Purchase Order is not enough to waive its challenges to personal jurisdiction and venue, or to put it on notice that it could be sued in a Texas court. Reply [#22] at 3-4. Bad Day further asserts that the forum selection clause in the Purchase Orders has been waived because Plaintiff Neu originally brought suit in Travis County, Texas, not Burnet County, as specified by the Purchase Order clause. *Id.* at 1-2.

Plaintiff's complaint at the time of removal raised additional claims not based on the Purchase Orders, including alleged breaches of a separate Non-Disclosure, Non-Competition, and Confidentiality Agreement ("Non-Disclosure Agreement") between the parties. The Non-Disclosure Agreement contains the following clause regarding personal jurisdiction and venue: "Any dispute(s) and/or litigation(s) arising out of or related to this Agreement . . . shall be subject to the exclusive jurisdiction of the courts of Texas, sitting in Austin, Texas, and/or the Federal courts sitting therein. The parties hereby irrevocably submit to the personal jurisdiction

6

of such courts and irrevocably waive all objections to such venue." *Id.* at Ex. 2, Non-Disclosure Agreement ¶ 7.3. Bad Day signed this contract on or about April 1, 2014. *Id.* As noted above, Plaintiff's remaining breach of contract claims are founded on "the purchase order agreement," not this Non-disclosure Agreement, *see* Am. Compl. [#18] at ¶¶ 15-18. Thus, the Non-Disclosure Agreement is relevant only insofar as it reflects Bad Day's contacts with Texas and reasonable expectation of defending suit in a Texas forum.

### B. Personal Jurisdiction

As a threshold issue, Bad Day asserts this Court lacks personal jurisdiction. In determining whether personal jurisdiction exists, the Court must consider whether: (1) the Texas long-arm statute creates personal jurisdiction over the defendant; and (2) the exercise of personal jurisdiction is consistent with the due process guarantees of the United States Constitution. *Ainsworth v. Moffett Eng'g, Ltd.*, 716 F.3d 174, 177 (5th Cir. 2013).

#### 1. Standard of Review

The Texas long-arm statute extends the personal jurisdiction of Texas courts to the constitutional limits of due process. *Clemens v. McNamee*, 615 F.3d 374, 378 (5th Cir. 2010). "The Due Process Clause of the Fourteenth Amendment permits a court to exercise personal jurisdiction over a foreign defendant when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Id.*

Personal jurisdiction may be analyzed in terms of general jurisdiction or specific jurisdiction. *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S. Ct. 1868, 1872 (1984); *Central Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th

Cir. 2003). General jurisdiction is proper when the defendant has "continuous and systematic" contacts with the forum unrelated to the pending litigation. *Daimler AG v. Bauman*, ___ U.S. ___, 134 S. Ct. 746, 754 (2014). General jurisdiction is typically unavailable unless the defendant can fairly be said to be "at home" in the forum state. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, ___ U.S. ___, 131 S. Ct. 2846, 2851 (2011). In contrast, "[t]he inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, ___U.S. ___, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775, 104 S. Ct. 1473, 1478 (1984). To meet this standard, "the defendant's **suit-related conduct** must create a substantial connection with the forum State." *Walden*, 134 S.Ct. at 1122 (emphasis added). The Fifth Circuit frames the issue with a three-step analysis:

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.
>
> *Monkton Ins. Servs. v. Ritter*, 768 F.3d 429, 433 (5th Cir. 2014) (citing *Seiferth v.*

*Helicopteros Atuneros, Inc.*, 472 F.3d 266, 271 (5th Cir. 2006)). The plaintiff bears the burden of satisfying the first two prongs; if the plaintiff is successful, the burden shifts to the defendant to show that that exercising jurisdiction would be unfair or unreasonable. *Seiferth*, 472 F.3d at 271. The court must accept as true the uncontroverted allegations in the complaint and resolve any factual conflicts in favor of the plaintiff. *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000).

### 2. Analysis

Bad Day's objection to personal jurisdiction is formulaic: "Defendants have not purposefully availed themselves of the benefits and protections of Texas' laws by establishing minimum contacts with the State. Furthermore, Defendants have not engaged in continuous or systematic activities within the State of Texas." Def's Challenge [#7] at 1-2.

Plaintiff cannot point to any continuous or systematic activities in Texas on the part of Bad Day. This Defendant is a Georgia company, with a single employee, domiciled in Georgia, and the company does no business in Texas (aside from the contracts it entered into with Plaintiff). *See* Def's Br. [#14] at Ex. A, Ling Affidavit at ¶¶ 3-5. General jurisdiction is therefore not available against Bad Day in Texas. *Daimler AG*, 134 S. Ct. at 754.

Nevertheless, Plaintiff contends specific personal jurisdiction is established on the basis of the contracts between the parties, including the purchase order agreements and the Non-Disclosure Agreement. Am. Compl. [#18] at ¶ 2; Resp. at 5. Typically, simply contracting with a Texan is not enough to support jurisdiction in Texas. *Pervasive Software, Inc., v. Lexware GMBH & Co. KG*, 688 F.3d 214, 223 (5th Cir. 2012) (citing *Stuart v. Spademan*, 772 F.2d 1185, 1192 (5th Cir. Tex. 1985)). Particularly where, as here, the performance of the contracts took place entirely outside the state of Texas, the mere existence of the contractual relationship does not give rise to personal jurisdiction in Texas over the nonresident defendant. *Id.*

Plaintiff, however, asserts the purchase orders and the Non-Disclosure Agreement show "Bad Day has entered into multiple agreements with Plaintiff NSS all specifying that Texas would be the valid forum and choice of law" and thus purposefully availed itself of Texas law. Resp. at 5. It is well established that "explicit consent" to personal jurisdiction can satisfy due process. *J. McIntyre Mach., Ltd. V. Nicastro*, ___ U.S. ___, 131 S.Ct. 2780, 2787 (2011) (citing

9

*Ins. Corp. of Ireland v. Compagnie des bauxites de Guinee*, 456 U.S. 694, 703, 102 S.Ct. 2099, 2105 (1982) ("[b]ecause the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived.")).

A choice of law clause, standing alone, does not establish consent to personal jurisdiction, because choice of law rules presume that competent jurists can reliably apply the law of a foreign state anywhere the defendant is properly subject to jurisdiction. *Pervasive Software, Inc.*, 688 F.3d at 223. Consent to personal jurisdiction may be found, however, where a defendant has agreed to a forum selection clause specifying that litigation may take place in a particular jurisdiction. *Safety-Kleen Sys. v. McCoy Freightliner, Inc.*, No. 4:10-CV-608, 2011 U.S. Dist. LEXIS 14491, *8-9 (E.D. Tex. Jan. 20, 2011) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 n. 14, 105 S. Ct. 2174, 85 L. Ed. 2d 528 (1985)); *see also Kevlin Servs. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir 1995). As the Texas Supreme Court, construing its own long-arm statute, has persuasively reasoned, "a contractual 'consent-to-jurisdiction clause' subjects a party to personal jurisdiction, making an analysis of that party's contacts with the forum for personal jurisdiction purposes unnecessary." *In Re Fisher*, 433 S.W.3d 523, 532 (Tex. 2014) (citing *Burger King Corp.*, 471 U.S. at 472 n.14). Thus, to the extent Bad Day contractually agreed not just to apply Texas law, but to litigate disputes arising out of the contract *in Texas,* Bad Day has consented to the personal jurisdiction of the Texas courts. *Id.*; *Kevlin*, 46 F.3d at 15.

### C. Forum Selection Clauses

Whether the Court has personal jurisdiction over Bad Day in this matter turns on the validity of the forum selection clauses in which Bad Day agreed to suit in Texas. Plaintiff has articulated no minimum contacts sufficient to establish personal jurisdiction over Bad Day absent

its express consent in these contractual agreements. *Kevlin*, 46 F.3d at 15. Defendant Bad Day has the "heavy burden" of articulating some reason why the forum selection clauses at issue should not be enforced. *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008).

### 1. Standard of Review

Federal law determines the enforceability of a forum selection clause. *Id.* "Under federal law, forum-selection clauses are presumed enforceable, and the party resisting enforcement bears a 'heavy burden of proof.'" *Id.* (citing *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997)); *see also Kevlin Servs., Inc.*, 46 F.3d at 15. To meet this burden, the party resisting enforcement of the forum selection clause must make a "strong showing that the clause is unreasonable." *Calix-Chacon v. Global Int'l Marine, Inc.*, 493 F.3d 507, 511 (5th Cir. 2007) (citing *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216 (5th Cir. 1998)).

### 2. Analysis

In this case, Bad Day has made no attempt to argue that the forum selection clause in the Non-Disclosure Agreement, setting venue in Austin, Texas, is unreasonable. The Non-Disclosure Agreement, however, is no longer the subject of any claim in Plaintiff's Amended Complaint. None of the terms and conditions of the Non-Disclosure Agreement are alleged to have been breached in in the Amended Complaint. *See* Am. Compl. ¶ 15 (. . . Defendant Bad Day is liable to Plaintiff NSS in breaching the ***purchase order agreement***.") (emphasis added).

"[F]orum selection clauses must cover the dispute at hand in order to effect a waiver of personal jurisdiction." *Safety-Kleen Sys.*, 2011 U.S. Dist. LEXIS at *11; *see also Ondova Ltd. Co. v. Manila Indus.*, 513 F. Supp. 2d 762, 772 (N.D. Tex. 2007) ("If the substance of the plaintiff's claims, stripped of their labels, does not fall within the scope of the forum selection

11

clause, the clause cannot apply.") (internal citation omitted)). The breach of contract allegations in Plaintiff's Amended Complaint concern the construction contract evidenced by the three purchase orders. The forum selection clause contained in each of these purchase orders is the one that "cover[s] the dispute at hand." *Safety-Kleen Sys.*, 2011 U.S. Dist. LEXIS at *11.

Bad Day asserts this forum selection clause is unenforceable because (1) Bad Day received and signed only one purchase order that contained the actual forum selection clause "in the small print," Reply [#22] at 1, and (2) Plaintiff waived enforcement of the forum selection clause by filing suit in Austin, Texas (the forum dictated by the Non-Disclosure Agreement) instead of Burnet County, Texas (the forum dictated by the purchase orders). *Id.* Bad Day's arguments are unavailing.

### i. Forum Selection Clauses in "Small Print" are Enforceable

The mere fact that the forum selection clause appeared in form contract language in the "small print" on a standard purchase order, Reply [#22] at 1 does not make it unenforceable. *Calix-Chacon*, 493 F.3d at 511-512 (discussing *Carnival Cruise Lines v. Shute*, 499 U.S. 585, 111 S. Ct. 1522, 113 L. Ed. 2d 622 (1991)). Form contracts containing forum selection clauses are enforceable unless they are the product of fraud or are otherwise fundamentally unreasonable.[2] *Id.*; *see also Kevlin Servs.*, 46 F.3d at 15.

Though Bad Day points out that Plaintiff's three purchase orders include one purchase order directed to a company shipping supplies to Bady Day, and one purchase order that was sent

---

[2] The Fifth Circuit recognizes specific factors that may establish a forum selection clause is unreasonable: (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement "will for all practical purposes be deprived of his day in court" because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene a strong public policy of the forum state.
*Calix-Chacon*, 493 F.3d at 511 (citing *Haynsworth*, 121 F.3d at 963). Bad Day has made no allegations that any of these factors are at play with regard to the forum selection clause in the purchase orders.

to Bad Day via email without the accompanying terms and conditions attached, these points do not suggest any fraudulent intent. Indeed, they merely establish Bad Day received and signed the third purchase order, containing the forum selection language, as part of a series of similar form contracts sent to Bad Day and its suppliers in furtherance of the construction project that is the subject of this dispute. Reply [#22] at Ex. A, Ling Affidavit at ¶¶ 3-4. There is nothing about this set of facts that suggests the forum selection clause contained in the purchase orders was the product of fraud or overreaching, or was otherwise obtained in some manner that was fundamentally unfair. *Calix-Chacon*, 493 F.3d at 511-512.

### ii. The Live Pleading Shows No Intent to Waive Forum Selection

Bad Day argues Plaintiff waived enforcement of the forum selection clause by filing the original complaint in Austin, Texas (the forum specified in the Non-Disclosure Agreement). Whatever the merits of this argument, it has been mooted by Plaintiff's Amended Complaint. Plaintiff has been granted leave to amend the complaint and has voluntarily dismissed the majority of the original claims without prejudice, meaning that Plaintiff has the ability to re-file them in any proper jurisdiction at any time before the statute of limitations runs as to these claims. The operative complaint now is the Amended Complaint.

Plaintiff's Amended Complaint is before this Court, which has jurisdiction over diversity disputes arising in Burnet County, Texas. The Amended Complaint expressly invokes the forum selection clause contained in the purchase orders, specifying Defendant's consent to personal jurisdiction and venue in Burnet County, Texas. Am. Compl. [#18] at ¶¶ 2, 5. Thus, Plaintiff has clearly stated its desire to enforce the forum selection clause contained in the purchase orders. Am. Compl. [#18] ¶ 2 and Ex. 1; Response [#21] at 1-2. This conduct is inconsistent

with any intent to relinquish or abandon the forum selection clause invoking the jurisdiction of Burnet County courts. Bad Day's waiver argument is without merit.

### D. The Twist

Plaintiff vigorously argues the forum selection clause in the Purchase Orders should be enforced. This argument finds strong support in the case law. *See, e.g. Calix-Chacon*, 493 F.3d at 513 ("a forum selection clause is given controlling weight in all but the most exceptional cases."). The case law is equally clear, however, that the forum clause at issue here establishes consent to jurisdiction only in a court that is physically located in Burnet County, Texas. *Alliance Health Group LLC v. Bridging Health Options LLC*, 553 F.3d 397, 399-400 (5th Cir. 2008); *Collin County v. Siemens Bus. Servs.*, 250 Fed. App'x. 45, 52 (5th Cir. Tex. 2007) (unpublished); *Argyll Equities LLC v. Paolino*, 211 F. App'x 317, 318 (5th Cir. 2006) (unpublished) (per curiam); *ASAP Auto Group, LLC v. Marina Dodge, Inc.*, 3 F. Supp. 3d 573, 578-579 (S.D. Miss. 2014).

The venue provision in the purchase orders specifies that litigation "shall be conducted only in courts seated in Burnet County, Texas . . . ." Resp. Challenge to Jurisdiction [#21] at 5-6 and Ex. 1., P.O. Terms and Conditions ¶ 10. The Fifth Circuit has determined this language is "intended to relate to where there is a sitting court." *Collin County*, 250 Fed. App'x. at 52.

The Federal District Court for the Western District of Texas, Austin Division, has jurisdiction over federal cases arising out of Burnet County, but "'for purposes of the forum selection clause at issue here, the district court 'sits' where it regularly holds court, not in the potentially infinite number of places in the Western District of Texas where it could hold a special session." *Collin County,* 250 Fed. App'x. at 52 (citing *Argyll Equities LLC*, 211 F. App'x at 318). The venue provision at issue consents to venue and waives objections to personal

jurisdiction for suits "conducted only in courts seated in Burnet County, Texas." There is a "distinction between courts encompassing an area and those sitting in or hearing cases in an area." *Collin County*, 250 Fed. App'x. at 52. The Austin Division of the Western District of Texas encompasses Burnet County, but does not sit in Burnet County.

If the federal courthouse "sits" or is located in the county where venue is agreed, then consent to suit in that federal courthouse is presumed. *Alliance Health Group LLC*, 553 F.3d at 399-400. If, however, there is no federal courthouse physically located in the county specified by the venue agreement, the agreement establishes consent to suit only in the state courts of that county. *Id.*; *see also Collin County*, 250 Fed. App'x. at 52. Here, the parties' agreement to litigate "only in courts seated in Burnet County, Texas" applies only to the state courts located in Burnet County, Texas. *Id.*

As noted above, Bad Day has no minimum contacts with this forum outside its contractual agreements with Plaintiff. This Court's personal jurisdiction over Bad Day can be grounded only on Bad Day's consent, via the forum selection clauses in the contracts at issue. The Amended Complaint invokes a forum selection clause setting venue exclusively in courts ***sitting*** in Burnet County, Texas, where there is no federal courthouse. The alternative forum selection clause contained in the Non-Disclosure Agreement, setting venue in Austin, is outside the scope of Plaintiff's voluntarily narrowed Amended Complaint, which asserts a single breach of contract claim concerning alleged poor quality, not breach of any restrictive covenant. Therefore, the Court finds Defendant Bad Day has not consented to litigate this dispute in the Federal Court for Western District of Texas, Austin Division. *Collin County*, 250 Fed. App'x. at 52. This Court has no personal jurisdiction over Bad Day. *Ondova Ltd. Co.*, 513 F. Supp. 2d at 772. Because the Court finds it lacks personal jurisdiction over Bad Day, there is no need to

15

address Bad Day's alternative motions to dismiss for improper venue or to transfer venue to a federal court sitting in Georgia.[3] The Court will dismiss the Amended Complaint against Bad Day for lack of personal jurisdiction.

### IV. Conclusion

Accordingly,

IT IS ORDERED that Plaintiff's Amended Complaint will be construed as a motion for Leave to Amend and for Leave to Voluntarily Dismiss Defendants LCG Welding, Inc., Jay Greenwood, and Aaron Ling and as such, is GRANTED;

IT IS FURTHER ORDERED that all claims against Defendants LCG Welding, Inc., Jay Greenwood, and Aaron Ling are DISMISSED WITHOUT PREJUDICE;

IT IS FURTHER ORDERED that "Defendants Bad Day Fabrication, LLC's and Aaron Ling's Challenge to Jurisdiction, Venue and Forum, and, Subject Thereto, Original Answer and Affirmative Defenses to Plaintiff's Complaint" [#7] is GRANTED in PART and DISMISSED in PART as MOOT;

IT IS FURTHER ORDERED that Plaintiff's Amended Complaint [#18] against Defendant Bad Day Fabrication, LLC, is DISMISSED WITHOUT PREJUDICE for lack of personal jurisdiction;

---

[3] Briefly, the Court notes that even if Bad Day's "multiple agreements with Plaintiff NSS all specifying that Texas would be the valid forum," Resp. at 5, could be read to establish personal jurisdiction in this matter, the sole operative forum selection clause relating to Plaintiff's Amended Complaint for breach of contract is contained in the purchase orders. Am. Compl. [#18] ¶ 15; *Ondova Ltd. Co.*, 513 F. Supp. 2d at 772. That forum selection clause sets exclusive venue in Burnet County, Texas. Response [#21] at 5-6 and Ex. 1., P.O. Terms and Conditions ¶ 10. For the reasons articulated in Section III.D, above, this forum selection clause is worded so that venue would be proper only in a court physically located in Burnet County, and the case would be dismissed on this alternative ground even if personal jurisdiction over Bad Day could be established by the circumstances of the parties' overall course of dealing. *Collin County*, 250 Fed. App'x. at 52.

IT IS FINALLY ORDERED that all other pending motions in this matter are DISMISSED AS MOOT.

Signed this the __9th__ day of April 2015.

*Sam Sparks*
Sam Sparks
United States District Judge

17